UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RACHEL BYCHEK, | ) | No. CV 04-08965-VBK |
| Plaintiff, | )<br>)<br>) | MEMORANDUM OPINION<br>AND ORDER |
| v. | )<br>) | (Social Security Case) |
| JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security, | )<br>)<br>) | |
| Defendant. | )<br>) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

On August 12, 2003, Plaintiff filed an application for disability

1  insurance benefits ("DIB").  At the hearing she amended her onset date
2  to November 25, 2002 rather than May 1, 2003.  She alleged an
3  inability to work due to herniated discs in her spine, knee pain, and
4  arthritis in her hips.  Plaintiff's application was denied
5  administratively, and she had a hearing before an Administrative Law
6  Judge ("ALJ") on March 8, 2004.  Plaintiff appeared and testified, and
7  testimony was also taken from a vocational expert ("VE").  An
8  unfavorable decision issued on April 22, 2004 and following
9  declination of review by the Appeals Council, that decision became the
10 final decision of the Commissioner.  Plaintiff then filed this action
11 in District Court pursuant to 42 U.S.C. §4059(g).

12     Plaintiff first argues that the ALJ failed to develop the record
13 regarding her physical residual functional capacity ("RFC").  In
14 effect, Plaintiff's argument is that the ALJ failed to properly
15 evaluate the evidence of her physical impairments in making his
16 determination of her RFC.

17     The ALJ determined that Plaintiff has severe musculoskeletal
18 conditions. (AR 18, Finding 2.)

19     Plaintiff was examined by her Kaiser physician, Dr. Wythe, on
20 April 8, 2003, as reflected in the ALJ's summary of the evidence. (AR
21 16, 69-70.)  During that examination, hip x-rays were taken and the
22 results were "unremarkable."  The summary of Dr. Wythe's physical
23 examination bears quoting:

24     "PHYSICAL EXAMINATION:  Exam reveals a pleasant,
25     middle-aged woman who appears younger than her chronologic
26     age.  Upright stance is erect.  Lumbar motion is quite good
27     and not reported as being painful.  Hip motion is good and
28     pain-free.  Fabere test is negative.  Straight leg raising

|    |    |
|---|---|
| 1 | test is negative.  Prone hip extension is negative. |
| 2 | Reflexes and physiologic at the knees and ankles without |
| 3 | reinforcement.  Motor and sensory testing is intact.  Normal |
| 4 | gait is observed.  Normal body mechanics observed. |
| 5 | Protective posturing and pain behavior noted." |
| 6 | (AR 69.) |

The above findings are consistent with other examinations set forth in the record.  Her treating source performed an MRI of her right hip which was negative, and in May 2003, an MRI of her lumbar spine revealed bilateral disc protrusion on the left, which mildly narrowed the left neural foramen, but otherwise yielded negative results. (Ar 16, 89.)  Another physical examination at Kaiser indicated that she had a good range of lumbar motion and hip motion and had no complaints of pain.  At that time, she exhibited normal gait and straight leg raising and was found to be neurologically intact. (AR 16-17.)  The ALJ observed that normal objective findings were found in July 2003, and September 2003, when Plaintiff participated in physical therapy. (AR 17.)  Despite Plaintiff's complaints that she has had multiple falls, the ALJ noted that there is no contemporaneous reporting of this and that her lumbar spine MRI during that same month was essentially normal. (See, id.)

In December 2003, Plaintiff received a neurological evaluation from her treating facility, perform by Dr. Wieder. (AR 128-129.) Again, during a neurological examination, she was found to have normal motor facilities, normal reflexes, and normal gait. (AR 129.)

Although Plaintiff claims she required use of a cane (and there is a notation in a physician's report referencing a cane: see AR at

1 118), the ALJ discounted this based on the consistent findings during
2 objective examinations that she exhibited normal gait and motor
3 coordination. (See AR at 17, 69, 129.)  The ALJ's finding that
4 Plaintiff did not require the use of an assistive device to walk was
5 thus supported by substantial evidence.
6      Plaintiff asserts that the ALJ failed to consider her diagnosis
7 of mild carpal tunnel syndrome and to incorporate any limitations
8 pertaining to this condition into her RFC assessment. (Motion at 5.)
9 In fact, Plaintiff only complained of intermittent hand pain during a
10 February 2003 examination, and reported that this had occurred two
11 days earlier. (AR 74.)  The record has only one other notation
12 referring to hand pain, on June 12, 2003. (AR 66.)  Significantly,
13 there is no diagnostic information in the record regarding carpal
14 tunnel syndrome, other than these brief references, and none of
15 Plaintiff's physicians assessed any functional limitations based on
16 such a condition.
17      In view of the medical evidence in the record, the Court finds
18 that the ALJ properly evaluated the evidence in determining
19 Plaintiff's RFC, and therefore rejects Plaintiff's first argument.
20      Plaintiff next asserts that the ALJ failed to develop the record
21 regarding her mental impairment.  She asserts that she has experienced
22 moodiness, depression, tearfulness and poor memory, difficulty
23 concentrating and thinking, and sleep disturbance.  She points to a
24 diagnosis of Major Depressive Disorder, Recurring, Moderate set forth
25 in the record. (Motion at 6, AR 150.)  She notes that she was
26 initially prescribed 20 milligrams of Prozac, but that was later
27 increased to 60 milligrams because, she asserts, the medication was
28 not adequately controlling her symptoms. (Motion at 6, citing AR at

4

80, 155, 146.)

The ALJ acknowledged these references to depression in the record, but also pointed out that in September 2003, Plaintiff explained that her depression did not limit her daily activities and that she is not seeing a psychologist or psychiatrist . (AR 15, 41.) Despite her claims of depression, the ALJ noted that she was working as a realtor 50 hours a week immediately prior to the alleged onset date, that she sold 10 homes in 2001, and 12 in 2002. (AR 16.) In fact, she continued to work through November 2002, significantly after treatment records indicated that she had been improving with medication. Indeed, the records indicate that Plaintiff did not again assert any symptoms of depression or moodiness until November 3, 2003, almost a year after her onset date. (AR 155.) It was at this time that she began to complain that the Prozac was not working. In December 2003, a mini mental status examination yielded essentially normal results. (AR 129.) Essentially, while Plaintiff notes that she had a diagnosis of a mental condition, she has failed in her burden of proof to demonstrate that this was disabling, or even a severe impairment. See Moncada v. Chater, 60 F.3d 521 (9th Cir. 1995). Finally, Plaintiff has failed to demonstrate that she meets all the criteria for Listing 12.04A.

Plaintiff next asserts that the testimony of the VE fails to support the ALJ's finding of non-disability. (Motion at 7-8.) It would appear that Plaintiff's argument is that the hypothetical question posed to the VE was incorrect in that the hypothetical originally posited a need to alternate positions every 30 minutes (AR 209), while later that period of time was expanded to 60 minutes. (AR 212-213.) Plaintiff claims there is no support in the record for a

5

60-minute standing limitation. (Motion at 8.) This purported inconsistency is easily resolved by reviewing the transcript of testimony at the hearing. The VE first testified that given a hypothetical which included at requirement of changing positions every 30 minutes, Plaintiff would be able to perform her past work. (AR 209.) Upon questioning by Plaintiff's counsel, the VE explained that although it could take up to an hour for a realtor to show a house, if there was an option to sit within that time, the hypothetical person would be able to perform the job. (AR 210.) Further, there is no testimony in the record from the VE that the job of real estate agent requires a need to stand for more than one hour at a time. In any event, Plaintiff fails to point out how amending the hypothetical to expand the amount of time to 60 minutes is unsupported by the evidence in the record. Although Plaintiff testified that she could not sit and stand for 60 minutes, the ALJ rejected this subjective testimony. This brings the Court to the final argument raised in the Motion, which is that the ALJ improperly rejected Plaintiff's testimony. (Motion at 8-9.)

Plaintiff asserts that the ALJ's decision makes no explicit finding regarding her credibility, thus violating the rule of <u>Bunnell v. Sullivan</u>, 947 F.2d 341, 345-46 (9th Cir. 1991). The Court disagrees. The decision provides several instances of specific reasons for rejecting Plaintiff's testimony as to her extent of pain. The first of those reasons is that the objective medical evidence contradicts Plaintiff's extreme complaints, an issue which the Court has already addressed. Plaintiff's physical examinations on issues such as her gait, motor strength, and other areas, were essentially normal. Her assertion that she was unable to walk because of back

pain was contradicted by her performance during these physical examinations. Another relevant reason is that despite Plaintiff's extreme complaints, she has received only conservative treatment for her back impairment. See Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993). Although Plaintiff claimed that she only underwent two physical therapy sessions which exacerbated her condition, she testified that she had in fact had additional physical therapy a few times in 2004. (AR 16, 199.) Further, she acknowledged improvement in her lower back pain in February 2004. (AR 118.) The Court finds that all of these reasons, set forth in the decision, satisfy the requirements of Bunnell, and are specific and legitimate.

For the foregoing reasons, the Court affirms the decision of the Commissioner.

**IT IS SO ORDERED**.

DATED: August 10, 2005

/s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE